**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| JAMES GAMBLE, | * |
| | *   COMPLAINT |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   JURY TRIAL DEMANDED |
| FRADKIN & WEBER, P.A. | * |
| | * |
| Defendant | * |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here

**PARTIES**

4. Plaintiff is a natural person who resides in Prince Georges County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant Fradkin & Weber, P.A.is a law firm engaging in the business of debt collection. Its principal place of business is located at 200 E Joppa Road, Towson, MD 21286. Defendant Fradkin & Weber, P.A. is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff that Defendant purchased from another entity.

**FACTUAL ALLEGATIONS**

*Pre-Bankruptcy*

6. On or about June 13, 2008, Plaintiff incurred a financial obligation that were primarily for personal, family or household purposes and is therefore are "debts" as that term is defined by 15 U.S.C. § 1692a(5); namely, a Continental Finance MasterCard issued by First Bank of Delaware ("FBD").

7. On or about June 10, 2008, the Federal Deposit Insurance Corporation ("FDIC") and the Federal Trade Commission ("FTC") began pursuing enforcement actions against FBD and Continental Finance Company, LLC ("Continental") for deceptive practices in soliciting consumers such as Plaintiff for the Continental Finance MasterCard.

8. On or about October 3, 2008, FBD and Continental settled with the FDIC and FTC and agreed to pay restitution to those consumers who were affected by their practices.

9. FBD and Continental also agreed to governmental oversight in overhauling its National Consumer Products Division.

10. A copy of the FDIC Order is attached as **Exhibit A.**

11. On or about February 20, 2009, Continental sold Plaintiff's debt, in a portfolio with other similar debts, to LP Investments, LTD ("LPI").

12. That same day LPI sold that portfolio to DelMarva Capital Group LLC ("DelMarva").

*Bankruptcy*

13. On January 29, 2010, the Plaintiff sought protection from his creditors by filing a joint voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland.

14. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of "Continental Finance MasterCard" for a unsecured loan in the amount of $707.70. A copy of the filed Schedule F is attached as **Exhibit B**.

15. This information was drawn from Plaintiff's credit report, and at the time Plaintiff was given no notice that the debt had been sold to any other identity.

16. There were no Objections to Discharge or Adversary Proceedings filed under 11 U.S.C. § 523 to determine the dischargeability of this debt.

17. On or about April 27, 2010, while Plaintiff was in bankruptcy, DelMarva sold that debt to Defendant.

18. On May 12, 2010, the Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiff alleges that this Discharge included the debt to Continental which was eventually purchased by Defendant

*Post-Bankruptcy*

19. On or about May 19, 2010, Defendant sent a letter to Plaintiff informing him that the debt had been sold to it by Continental Finance.

20. On or about June 28, 2010, Defendant filed a lawsuit in the District Court of Prince George's County to collect on this debt. A copy of the Complaint is attached as **Exhibit C.**

21. On this Complaint, Michael Fradkin, a principal of Defendant, certified under oath that:
> I am the President of [Defendant] herein and am competent to testify…**that there is justly due and owing by the Defendant to the Plaintiff** the sum set forth in the Complaint.
>
> I solemnly affirm **under the penalties of perjury** and upon personal knowledge **that the contents of the above Complaint are true** and I am competent to testify to these matters.

22. Plaintiff was served with the summons and Complaint by process server on or about April 14, 2011 with trial set for June 23, 2011. A copy of this summons is attached as **Exhibit D.**

## COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

  (1) The plaintiff has been the object of collection activity arising from consumer debt;
  (2) The defendant is a debtor collector as defined by the FDCPA; and
  (3) The defendant has engaged in an act or omission prohibited by the FDCPA.

25. Here, all elements are present, satisfied, and cannot be disputed.

26. Defendant's aforementioned lawsuit to collect on a discharged debt was a false statement to the Plaintiff that he still owed the debt, in direct violation of 15 U.S.C. §§ 1692(e), e(2)(a), e(10).

27. Through Defendant's actions the Plaintiff has been severely agitated, annoyed, traumatized, and emotionally damaged by the actions of the Defendant.

28. Plaintiff had filed bankruptcy specifically to gain relief from his creditors and to stop these kinds of collection efforts.

29. Plaintiff emotional damages were further exacerbated by his expectations that he was free from his old debt by virtue of the bankruptcy discharge.

30. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

### COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

32. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices** contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

*15 U.S.C. § 1692(a) (emphasis added).*

33. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress **that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

*15 U.S.C. § 6801(a) (emphasis added).*

34. Defendant and its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by

repeatedly and unlawfully attempting to collect a debt that he apparently did not owe and thereby invaded Plaintiff's privacy.

35. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

36. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns or affairs, and private financial information.

37. The conduct of this Defendant, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

38. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from this Defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

a) For an award of actual damages from Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial and for Plaintiff;

b) For an award of reasonable attorney's fees and costs; and

c) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 29th day of June, 2011;

JAMES GAMBLE

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com