**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| JAMES GAMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-CV-01779-JFM |
| | ) | |
| v. | ) | |
| | ) | |
| FRADKIN & WEBER, P.A. | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant Fradkin & Weber, P.A's ("F&W") Motion to Dismiss should be denied because it was a debt collector, attempting to collect a debt, and it along with its employee/agents violated numerous provisions of state and federal law in doing so with respect to Plaintiff. Defendant F&W bases its arguments on the mistaken assumption that 1) the Bankruptcy Code preempts the Fair Debt Collection Practices Act ("FDCPA") and 2) that liability under the FDCPA requires willfulness and knowledge of the falsity of the statement.

**ARGUMENT**

*"Preemption" of Federal Law*

Defendant cites to *Walls v. Wells Fargo*, 276 F.3d 502, 510 (9th Cir. 2002), which makes the novel assertion that federal statutes can preempt other federal statutes. In contrast, the U.S. Supreme Court held in *Carcieri v. Salazar,* 555 U.S. 379 (2009), quoting *Branch v. Smith, 538 U.S. 254 (2003)*, that "We have repeatedly stated ... that absent 'a clearly expressed congressional intention,' ... [a]n implied repeal will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter Act covers the whole subject of the earlier one and 'is clearly intended as a substitute.'"

The great and clear majority of jurisdictions follow the holding in *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (C.A.7 (Ill.), 2004), which states that the Bankruptcy Code does not preempt other federal statutes such as the FDCPA. *See also Kline v. Mortgage Electronic Security Systems*, 659 F.Supp.2d 940 (S.D. Ohio 2009); *Alfonseca-Baez V. Doral Financial Corp.*, 2007 WL 2812779 (D. Puerto Rico, 2007); *Davis v. Farm Bureau Bank, FSB*, 2008 WL 1924247, (W.D.Tex., 2008); *Burkhalter v. Lindquist & Trudeau, Inc.*, 2005 WL 1983809, (E.D. Mo., 2005)

The Honorable Judge Easterbrook, writing for the majority in *Randolph*, held that there was no tension between the FDCPA and the Bankruptcy code, stating "[t]he argument, rather, is one based on the

operational differences between the statutes. These do not, however, add up to irreconcilable conflict; instead the two statutes overlap, and if the plaintiff shows a more serious transgression -- the willful violation to which § 362(h) refers -- then more substantial sanctions (such as punitive damages) are available. It is easy to enforce both statutes, and any debt collector can comply with both simultaneously."

*Scienter*

In addition to Defendant's claims that Plaintiffs only remedy was in the Bankruptcy court, it also claims that its lack of knowledge releases it from liability under the FDCPA. While Defendant's alleged ignorance of Plaintiff's bankruptcy may exempt it from liability for a willful violation of the bankruptcy discharge injunction, the law as clearly established in case law in this District is that "the FDCPA is a strict liability statute and a consumer has only to prove one violation in order to trigger liability". *Bradshaw v. Hilco Receivables,* 2011 U.S. Dist. LEXIS 17954 (D. Md., 2011)

This Court also stated that it is well established that "the threshold requirement for application of the [FDCPA] is that prohibited practices are used in an attempt to collect a debt…The FDCPA prohibits the use of **any** 'false, deceptive, or misleading representation or means in connection with the collection of any debt,' *15 U.S.C. §1692e[1]*, and provides a non-exhaustive list of conduct that violates the FDCPA, including 'the false representation of…the character, amount, or legal status of any debt.'15 U.S.C.§ 1692e(2)(a). *Id.* at 9.

There is no scienter requirement in the statute: the Court in *Randolph v. IMBS* put it most eloquently when it stated "A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not.  A debt collector's false statement is presumptively wrongful under the Fair Debt Collection Practices Act, see 15 U.S.C. §  1692e(2)(A), **even if the speaker is ignorant of the truth**…" *Randolph* at 728. *See also Turner v. J.V.D.B. & Assocs., Inc*, 330 F.3d 991 (7th Cir. Ill. 2003) ("Although [the debt collector in that case] was unaware of the bankruptcy, under § 1692e ignorance is no excuse…§ 1692e applies even when a false representation was unintentional.");  *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996) ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages");

---

[1] A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. 11 U.S.C. 1692(e)

Complaint - 2

The Court of Appeals for the 7th Circuit held in *Turner v. J.V.D.B. & Assocs., Inc* that the test for determining whether a debt collector violated § 1692e is objective, "turning **not** on the question of what the debt collector knew but on **whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer**."

*Defense under 1692(g)*

In Paragraph 20 of its Motion to Dismiss, Defendant states "The burden then shifts to the consumer who has a duty to dispute the debt in writing within 30 (thirty) days from the date of the letter to the consumer and the FDCPA states that unless the debt is disputed in writing, collection activities may continue without violation of the FDCPA. See, 15 U.S.C. §1692g(b)."

Defendant has either intentionally excluded, or has utterly failed to read the actual text of § 1692g(b) which states "Collection activities and communications **that do not otherwise violate this subchapter** may continue during the 30-day period…" As the Defendant was attempting to collect on a debt that was discharged by Plaintiff's bankruptcy, its statements and actions in attempting to collect this debt were in violation of §1692(e). Again, Defendant mistakenly uses Plaintiff's non-response to the communication to excuse itself from liability, as the communication was false from the outset.

Here, Defendant attempts to place blame on Plaintiff for not informing Defendant of his bankruptcy proceeding. When Plaintiff filed bankruptcy, he listed the creditor that was reported on his credit report; He had no knowledge that the debt had been sold to Defendant during the bankruptcy. The purpose of the bankruptcy was to relieve Plaintiff of further issues regarding his debts; it is not his continuing responsibility to monitor where these debts eventually end up.

Finally, it is industry standard to scrub all accounts for bankruptcy prior to collections to avoid liability for statutory violations. Here, Defendant has failed to implement any effective procedures to eliminate the improper contacts with a consumer who was involved in a bankruptcy proceeding. Most importantly, the Defendant fails to reference any procedures or safety protocols whatsoever that are instituted to avoid improper contacts with consumers.

*Invasion of Privacy*

Defendant cites to Restatement (2nd) of Torts 652B which states One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for unreasonable invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

Once again, Defendant claims its willful ignorance of Plaintiff's bankruptcy removes any intent from its actions. However, regardless of the *purpose* of Defendant's intrusion, it *intentionally* sent the

process server to Plaintiff's abode to serve him the lawsuit. Additionally, a reasonable person would be highly offended if he or she were being sued for a debt that they believed they had been relieved of in his or her bankruptcy.

Finally, from reading the language of the FDCPA and the Gramm Leech Bliley Act as detailed in the Complaint, it appears that Congress would impute a per se invasion of privacy to any act in violation of the FDCPA.

**RELIEF REQUESTED**

For the reasons stated above, this Court should DENY Defendant's Motion to Dismiss, and grant the Plaintiff such further relief that it deems necessary and proper.

Respectfully submitted this 12th day of August, 2011

JAMES GAMBLE

By:
**/s/ Robinson S. Rowe, Bar No. 27752**
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of August, 2011, a true copy of the foregoing Opposition to Defendant's Motion to Dismiss was served first class mail postage prepaid, and/or via hand delivery, and/or ECF system on the following recipients:

Mark F. Scurti
Hodes, Pessin & Katz, P.A.
901 Dulaney Valley Rd. Ste. 400
Towson, MD 21204
*Counsel for Defendant*

                                        **/s/ Robinson S. Rowe**