UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

October 17, 2012

MEMO TO COUNSEL RE: James Gamble v. Fradkin & Weber
Civil No. JFM-11-1779

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendant's motion for summary judgment (document 20).

The motion is denied. In my view this case is distinguishable from *Syyed v. Wolpoff & Abramson, LLP*, 733 F. Supp. 2d 635, 646 (D. Md. 2010) and the other cases upon which defendant relies in that plaintiff's bankruptcy filing was a matter of public record about which defendant could have learned through the exercise of due diligence. Thus, I do not believe that the "bona fide error" defense of the FDCPA is applicable here.[1]

I likewise am not prepared to hold that as a matter of law defendant's offer of judgment moots this case because a jury conceivably could award more than the amount of the first or second offer of judgment to plaintiff as "actual damages." I note, however, that if a jury ultimately awards the plaintiff less than the amount contained in an offer of judgment, this fact may well bear upon the reasonableness of any attorney's fees sought by plaintiff.

A conference call will be held on   October 29, 2012   at   4:45   p.m. to discuss the appropriate schedule in this case. I ask counsel for plaintiff to initiate the call.

Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Very truly yours,
/s/

J. Frederick Motz
United States District Judge

---

[1] Because I find that defendant is not entitled to the bona fide error defense on the ground that plaintiff's bankruptcy was a matter of public record, I need not decide the additional contention made by defendant that it does not matter whether it is the owner of the alleged debt rather than a broker who provides the inaccurate information to a debt collector.